IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TODD H. POOLE,                                Case No. 07-6316-HO

       Plaintiff,                         ORDER

  v.

Commissioner of Social Security,

       Defendant.

    Plaintiff filed this action for review of the final decision of the Commissioner denying his applications for benefits under Titles II and XVI of the Social Security Act.  Plaintiff alleges disability beginning November 3, 2001.  The administrative law judge presided over a hearing on February 12, 2007.  The ALJ stated insufficient reasons to reject plaintiff's testimony and the opinion of plaintiff's treating physician.  The decision of the Commissioner is reversed.  This matter is remanded to the ALJ for further proceedings and a new decision.

## Discussion

    As the parties agree, the ALJ could reject plaintiff's

statements concerning the severity of his symptoms by stating clear and convincing reasons supported by substantial evidence.

Activities cited by the ALJ do not clearly and convincingly contradict "allegations of debilitating pain," as the ALJ found. Debilitating pain impairs strength. See Merriam Webster's Collegiate Dictionary 297 (10th ed. 1996). Debilitating pain is consistent with the ALJ's finding that plaintiff has limited abilities to lift, stand and walk. The ALJ did not identify specific allegations or statements contradicted by the evidence of plaintiff's activities. The cited evidence proves that plaintiff, with difficulty and/or accommodation, completed some number of 8-hour shifts at the mission where he resides. The evidence does not prove that plaintiff worked full-time, however. (Tr. 17).

The ALJ found no evidence to support plaintiff's testimony that he must elevate his leg due to ankle pain. (Tr. 17). Dr. Tobias's opinion and the lay opinion of FNP Corey support plaintiff's testimony. (Tr. 18, 219, 306). The ALJ noted FNP Albrecht's recommendation that plaintiff should elevate his ankle during breaks. (Tr. 18). The ALJ did not mention that this source granted plaintiff's request for a week off from work at the mission, and wrote that plaintiff needs to keep his ankle above his heart and can let her know if he needs further notes. (Tr. 269). Whereas the ALJ found no evidence that plaintiff lies

2 - ORDER

down during the day out of medical necessity, Dr. Tobias opined that plaintiff is limited to four hours of standing, walking and sitting.  (Tr. 17, 219).  The opinion suggests that plaintiff needed to lie down at other times.

Whereas the ALJ found no evidence of a diagnosis which would support continuing the 4-hour workday limitation in the absence of plaintiff's atypical chest pain, which the ALJ found had resolved, FNP Corey opined that plaintiff's workday should be so limited due to degenerative changes of the feet and ankles.  (Tr. 19, 306).  The ALJ rejected Dr. Tobias's opinion that plaintiff should not stand for more than four hours because she provided the limitation during plaintiff's hospitalization for chest pain, before she learned plaintiff had no heart condition.  (Tr. 18-19).  After plaintiff's discharge, Dr. Tobias repeated the limitation knowing that plaintiff has no heart condition.  (Tr. 216-20, 236, 238-39).

Contrary to plaintiff's contention, footnote 3 of Social Security Ruling 96-7p did not require the ALJ to consider a psychological basis for the degree of plaintiff's pain, because the severe physical impairments found by the ALJ are capable of producing pain.  SSR 96-7p, n. 3.

Based on the foregoing, the decision of the Commissioner is reversed.  This matter is remanded for further proceedings before the ALJ, rather than for payment of benefits.  The record does

not disclose whether plaintiff worked full-time at the mission, and if so, whether such activity demonstrates an ability to do other work.  Plaintiff testified that he currently worked three or four hours per day, six days a week.  Medical records evince completion of an undisclosed number of 8-hr shifts with difficulty and/or accommodation.  The evidence of plaintiff's activities is limited, and evidence of the extent and duration of plaintiff's work at the mission will go a long way toward determining whether plaintiff's testimony and Dr. Tobias's opinion can be properly rejected, or must be credited.  The ALJ shall take additional evidence from plaintiff regarding the extent of his work at the mission over the duration of such work, and shall issue a new decision.  Nothing herein limits the ability of the ALJ to further develop the record or reconsider any issue.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed.  This matter is remanded to the Appeals Council for remand to the ALJ for further proceedings, including a new decision.

IT IS SO ORDERED.

DATED this  11th  day of December, 2008.

                                    s/ Michael R. Hogan
                                United States District Judge